# Exhibit A

Sophia Goren Gold (SBN 307971)
**KALIEL GOLD PLLC**
490 43rd Street, No. 122
Oakland, California 94609
Telephone: (202) 350-4783
sgold@kalielgold.com

Jeffrey D. Kaliel (SBN 238293)
Amanda J. Rosenberg (SBN 278507)
**KALIEL GOLD PLLC**
1100 15th Street NW 4th Floor
Washington, D.C. 20005
Telephone: (202) 350-4783
jkaliel@kalielpllc.com
arosenberg@kalielgold.com

*Counsel for Plaintiff and Proposed Class*

Electronically FILED by
Superior Court of California,
County of Los Angeles
11/15/2024 4:34 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By M. Aguirre, Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| STEPHEN EDLUND, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>TRUE CLASSIC TEES, LLC.,<br><br>Defendant. | Case No. 24STCV30272<br><br>**CLASS ACTION COMPLAINT** |

Plaintiff Stephen Edlund ("Plaintiff"), on behalf of the putative Class, by his undersigned counsel, and for their Class Action Complaint against Defendant True Classic Tees, LLC, allege as follows:

**PRELIMINARY STATEMENT**

1. This is a proposed class action seeking monetary damages, restitution, and public injunctive and declaratory relief from Defendant True Classic Tees, LLC ("Defendant," "True Classic" or "TCT") arising from its deceptive and untruthful promises to provide "free shipping" on clothing merchandise orders placed on its website.

1

2. When consumers browse products on TCT's website, TCT prominently advertises "Free Shipping" on purchases exceeding $79. However, that marketing representation is false because TCT surreptitiously adds a so-called "Package Protection & Sustainability Fee" to every online order.

3. The deceptive addition of the "Package Protection & Sustainability Fee" renders TCT's promise of FREE or a flat, low-cost shipping false.

4. Thousands of TCT customers like Plaintiff have been assessed hidden shipping charges for which they did not bargain.

5. Consumers like Plaintiff reasonably understand TCT's express FREE or flat, low-cost shipping representation to disclose the total additional cost they will pay to have their merchandise delivered.

6. By unfairly obscuring its true shipping costs, TCT deceives consumers and gains an unfair upper hand on competitors that fairly disclose their true shipping charges. To wit, other major e-commerce sites do not assess "Package Protection & Sustainability Fee's in addition to a shipping charge—for the simple reason that Package Protection & Sustainability Fee is an inextricable aspect of "shipping."

7. Plaintiff seeks damages and, among other remedies, public injunctive relief that fairly allows consumers to decide whether they will pay TCT's shipping costs.

## PARTIES

8. Plaintiff Stephen Edlund is a resident and a citizen of Naples, Florida.

9. Defendant TCT is an American clothing retailer specializing in quality material men's t-shirts headquartered in Calabasas, California in the County of Los Angeles.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over Defendant and the claims set forth below pursuant to Code of Civil Procedure § 410.10 and the California Constitution, Article VI § 10, because this case is a cause not given by statute to the other trial courts.

11. Plaintiff is informed and believes that the State of California has personal jurisdiction over the Defendant named in the action because Defendant is doing business in Los Angeles County and one or more of the transactions that form the basis of this action occurred in Los Angeles County.

1  Defendant also intentionally avails itself of the California market, including in the County of Los
2  Angeles, which has caused both obligations and liability of Defendant to arise in the County of Los
3  Angeles.

4  12. The amount in controversy exceeds the jurisdictional minimum of this Court.

## FACTUAL BACKGROUND AND GENERAL ALLEGATIONS

### A. Overview of TCT

7  13. TCT is a popular apparel brand specializing in men's t-shirts.

8  14. By the end of TCT's first year, they'd sold $15 million of apparel; their second year revenue jumped to $90 million. And, in 2023, True Classic brought in $250 million in annual revenue. See Megan Bruneau, *True Classic CEO Ryan Bartlett Built The Ubiquitous $250 Million Brand Following This Unconventional Advice*, Forbes, February 19, 2024, available at https://www.forbes.com/sites/meganbruneau/2024/02/19/true-classic-ceo-ryan-bartlett-built-the-ubiquitous-250-million-brand-following-this-unconventional-advice/.

15. TCT is headquartered in Calabasas, California, and on information and belief, the decision to charge Protection & Sustainability Fees to consumers originated in California.

16. At no point in the purchasing process are consumers asked to assent to TCT's Terms of Use and Service.

### B. TCT Prominently and Plainly Promises FREE SHIPPING or Flat, Low-Cost Shipping on Its Website

17. TCT prominently features FREE SHIPPING or (on other orders) flat, low-cost shipping promises on its website. Such representations are made throughout its website, including on the pages of the multi-step purchase process described above:



18. Such representations never carry a disclaimer or other warning that FREE SHIPPING does not actually mean "free shipping."

19. Once an item is added to the online Shopping Cart, the Shopping Cart is automatically displayed. In the Shopping Cart, the customer is informed that orders over $79 are entitled to Free Shipping in two separate places. The total price displayed reflects the same:



20. After the consumer clicks the large red "SECURE CHECKOUT" button, they are taken to another page where a "Package Protection & Sustainability" fee that amounts to a portion of the transaction is automatically added without the consumer doing anything at all to add the fee.



21. What's worse, the optional hyperlink to "remove" the "Package Protection & Sustainability Fee" is so tiny, and intentionally designed to go unnoticed by consumers. Thus, if consumers even notice the very small amount added to their transactions, consumers are still left entirely unaware that the added "Package Protection & Sustainability Fee" charge is optional, because it is presented in the cart as mandatory.

22. Thus, reasonable consumers believe they have no other choice but to pay the Package Protection & Sustainability Fee charge, which they were never previously informed of. This is a classic bait & switch.

C.  **TCT Omits and Conceals Material Facts About the Costs of Shipping**

23. The "Package Protection & Sustainability Fee" is a disguised shipping charge, rendering TCT's promise to provide "Free Shipping" false.

24. Reasonable consumers like Plaintiff understand shipping to include reasonable accoutrements to effectuate that shipping, including "Package Protection." Moreover, reasonable consumers do not understand the "Sustainability" portion of the fee where there is no explanation of what customers are being charged.

25. In short, there is no "Package Protection" & Sustainability Fee" of the purchased item, separate and apart from the shipping, and TCT deceived consumers by stating otherwise.

26. By assessing add-on fees for certain aspects of "shipping," TCT renders its FREE SHIPPING or flat, low-cost shipping promises false.

27. By unfairly obscuring its true shipping charges to consumers, TCT deceives consumers and gains an unfair upper hand on competitors that fairly disclose their true shipping charges. Indeed, other major e-commerce sites in the U.S. do not assess a Package Protection & Sustainability Fee in addition to a shipping charge—for the simple reason that Package Protection is an essential, inextricable aspect of "shipping," and it is entirely clear what a consumer is purchasing when they are purchasing "sustainability."

30. TCT does not inform consumers the true costs of shipping and it misrepresents its shipping cost as FREE or low-price, when in fact those costs are actually higher.

31. Moreover, the "Package Protection & Sustainability Fee" is never reasonably disclosed to consumers until it shows up as a line item in their shopping cart—after the purchase process is largely complete. This process fails to provide an adequate advance warning to customers that a Package Protection & Sustainability Fee will be imposed on their purchases.

32. Many consumers do not notice that a "Package Protection & Sustainability Fee" is being added to their order. Others believe that they have no choice but to pay this "Package Protection & Sustainability Fee". And others still notice the previously undisclosed "Package Protection & Sustainability Fee" but decide to go through with the purchase anyway unsure of how it can be removed from their cart after it was automatically added. The deceptive checkout practice has done its job and diverted the sale to TCT.

33. In any of these situations, the result is the same: a consumer who otherwise would have found a way to pay without paying the "Package Protection & Sustainability Fee," ends up paying the fee. Defendant profits; Plaintiff and the class lose.

34. This is a classic case of "Drip pricing." "Drip pricing" works because as research has shown, "our brains tend to fix on the price we first encountered even after we learn the total cost. And even when consumers learn about the hidden fees, they often pay up rather than shop around . . .

because they figure that 'investing more time into searching for it will not be worthwhile.'" Santul Narkar, *It's a Great Deal, Before the 'Drip Pricing'*, New York Times, available at https://www.nytimes.com/interactive/2024/02/23/business/what-is-drip-pricing.html (quoting Professor David Friedman of Willamette University).

35. By unfairly obscuring its charges to consumers, TCT deceives consumers and gains an unfair upper hand on competitors that fairly disclose their true charges.

### D. The Package Protection & Sustainability Fee Is A Junk Fee That Violates Federal Guidance and California Law

36. TCT's Package Protection & Sustainability Fees are precisely the type of "Junk Fee" that has come under government scrutiny in recent years:

> Junk fees are fees that are mandatory but not transparently disclosed to consumers. Consumers are lured in with the promise of a low price, but when they get to the register, they discover that price was never really available. Junk fees harm consumers and actively undermine competition by making it impractical for consumers to compare prices, a linchpin of our economic system.

The White House, <u>The Price Isn't Right: How Junk Fees Cost Consumers and Undermine Competition</u>, March 5, 2024, available at https://www.whitehouse.gov/cea/written-materials/2024/03/05/the-price-isnt-right-how-junk-fees-cost-consumers-and-undermine-competition/#_ftnref3

37. As the Federal Trade Commission said recently in its effort to combat Junk Fees:

> [M]any consumers said that sellers often do not advertise the total amount they will have to pay, and disclose fees only after they are well into completing the transaction. They also said that sellers often misrepresent or do not adequately disclose the nature or purpose of certain fees, leaving consumers wondering what they are paying for or if they are getting anything at all for the fee charged.

Federal Trade Commission, <u>FTC Proposes Rule to Ban Junk Fees – Proposed rule would prohibit hidden and falsely advertised fees</u>, October 11, 2023, available at https://www.ftc.gov/news-events/news/press-releases/2023/10/ftc-proposes-rule-ban-junk-fees.

38. In July of 2024, California expanded its Consumer Legal Remedies Act ("CLRA") was amended to make illegal "drip pricing," which involves advertising a price that is less than the actual price that a consumer will have to pay for a good or service. California Civil Code Section

7

CLASS ACTION COMPLAINT

1770(a)(29). Under the new California law, it is now illegal to advertise a low price for a product, only for that product to be subject to additional or mandatory fees later. In other words, "the price listed or advertised to the consumer must be the full price that the consumer is required to pay." See California Department of Justice, Office of the Attorney General, *SB 478 Frequently Asked Questions*, available at https://oag.ca.gov/system/files/attachments/press-docs/SB%20478%20FAQ%20%28B%29.pdf (last accessed July 18, 2024). As the California Department of Justice stated:

> Businesses are free to explain how they set their prices or to *subsequently* itemize the charges that make up the total price that they charge customers. However, the price they advertise or display must be the total price that customers will have to pay for the good or service. Knowing the price of a good of service is essential to competition, and displaying a price that is less than what the customer will actually be charged is deceptive.

*Id.* at p. 4 (emphasis added).

39. In its 2013 publication ".com Disclosures: How to Make Effective Disclosures in Digital Advertising," the FTC makes clear that when advertising and selling are combined on a website, and the consumer will be completing the transaction online, the disclosures should be provided before the consumer makes the decision to buy – for example, before the consumer "add[s] to shopping cart." See Fed. Trade Comm'n, .com Disclosures: How to Make Effective Disclosures iN Digital Advertising at ii, 14 (Mar. 2013), available at https://www.ftc.gov/sites/default/files/attachments/press-releases/ftc-staff-revises-online-advertising-disclosure-guidelines/130312dotcomdisclosures.pdf.

40. Defendant violates federal guidance by adding the Package Protection & Sustainability Fees as line items well after the consumer "add[s] to shopping cart", and by failing to disclose the nature of these fees.

41. What's worse, it is entirely unclear what "Package Protection & Sustainability Fee" even is, and whether consumers are getting any added benefit at all from the fee charged.

E. **Plaintiff's Experience**

42. Plaintiff used TrueClassic.com to purchase clothing items on July 2, 2024.

43. When using the website, Plaintiff was repeatedly informed that he would get "FREE

8

CLASS ACTION COMPLAINT

1  SHIPPING" on as part of his purchase, which was well over the $79 minimum.

2      44.    However, Plaintiff's purchase included an $3.73 "Package Protection & Sustainability
3  Fee" that was automatically and surreptitiously added to his cart, that—for the reasons described
4  above—in fact represented an additional shipping charge.

5      45.    Plaintiff would not have made the purchase if he had known the TCT shipping was
6  not in fact FREE.

7      46.    If he had known the true cost of shipping, he would have chosen another method or
8  merchant for ordering his item.

## CLASS ALLEGATIONS

10      47.    Plaintiff brings this action on behalf of himself and a Class of similarly situated
11  persons. The Class is defined as follows:

> All consumers in who, within the applicable statute of limitations preceding the filing of this action to the date of class certification paid TCT a Package Protection & Sustainability Fee.

14      48.    Plaintiff also brings this action on behalf of a Florida subclass.

15      49.    Excluded from the Class is Defendant, any entities in which it has a controlling
16  interest, any of its parents, subsidiaries, affiliates, officers, directors, employees and members of such
17  persons' immediate families, and the presiding judge(s) in this case, and their staff. Plaintiff reserves
18  the right to expand, limit, modify, or amend this class definition, including the addition of one or
19  more subclasses, in connection with his motion for class certification, or at any other time, based
20  upon, *inter alia,* changing circumstances and/or new facts obtained during discovery.

21      50.    **Numerosity**: At this time, Plaintiff does not know the exact size of the Class;
22  however, due to the nature of the trade and commerce involved, Plaintiff believes that the Class
23  members are well into the thousands, and thus are so numerous that joinder of all members is
24  impractical. The number and identities of Class members is administratively feasible and can be
25  determined through appropriate discovery in the possession of the Defendant.

26      51.    **Commonality**: There are questions of law or fact common to the Class, which
27  include, but are not limited to the following:

28

9

CLASS ACTION COMPLAINT

    a.    Whether during the class period, Defendant deceptively represented its Shipping cost for orders on trueclassic.com and on the TCT app;

    b.    Whether Defendant's alleged misconduct misled or had the tendency to mislead consumers;

    c.    Whether Defendant engaged in unfair, unlawful, and/or fraudulent business practices under the laws asserted;

    d.    Whether Defendant's alleged conduct constitutes violations of the laws asserted;

    e.    Whether Plaintiff and members of the Class were harmed by Defendant's misrepresentations;

    f.    Whether Plaintiff and the Class have been damaged, and if so, the proper measure of damages; and

    g.    Whether an injunction is necessary to prevent Defendant from continuing to deceptively represent the amount of the shipping costs for orders on TCT.com.

52. **Typicality**: Like Plaintiff, many other consumers ordered goods for shipping from TCT' website or mobile app, believing shipping to be the flat fee represented based on Defendant's representations. Plaintiff's claims are typical of the claims of the Class because Plaintiff and each Class member was injured by Defendant's false representations about the true nature of the shipping cost. Plaintiff and the Class have suffered the same or similar injury as a result of Defendant's false, deceptive and misleading representations. Plaintiff's claims and the claims of members of the Class emanate from the same legal theory, Plaintiff's claims are typical of the claims of the Class, and, therefore, class treatment is appropriate.

53. **Adequacy of Representation**: Plaintiff is committed to pursuing this action and has retained counsel competent and experienced in prosecuting and resolving consumer class actions. Plaintiff will fairly and adequately represent the interests of the Class and does not have any interests adverse to those of the Class.

54. **The Proposed Class Satisfies Prerequisites for Injunctive Relief**. Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final

injunctive and equitable relief with respect to the Class as a whole. Plaintiff remains interested in ordering goods for shipping through TCT' website; there is no way for his to know when or if Defendant will cease deceptively misrepresenting the cost of shipping.

55. Specifically, Defendant should be ordered to cease from representing its shipping service as a flat fee and to disclose the true nature of its mark-ups.

56. Defendant's ongoing and systematic practices make declaratory relief with respect to the Class appropriate.

57. **The Proposed Class Satisfies the Prerequisites for Damages**. The common questions of law and fact enumerated above predominate over questions affecting only individual members of the Class, and a class action is the superior method for fair and efficient adjudication of the controversy. The likelihood that individual members of the Class will prosecute separate actions is remote due to the extensive time and considerable expense necessary to conduct such litigation, especially when compared to the relatively modest amount of monetary, injunctive, and equitable relief at issue for each individual Class member.

## CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF
### Unjust Enrichment
### (On Behalf of Plaintiff and the Class)

58. The preceding allegations are incorporated by reference.

59. To the detriment of Plaintiff and the Class, Defendant has been, and continues to be, unjustly enriched as a result of its wrongful conduct alleged herein.

60. Plaintiff and the Class conferred a benefit on Defendant when they paid Defendant the Package Protection & Sustainability Fees, which they did not agree to and could not reasonably avoid.

61. Defendant unfairly, deceptively, unjustly, and/or unlawfully accepted said benefits, which under the circumstances, would be unjust to allow Defendant to retain.

62. Defendant's unjust enrichment is traceable to, and resulted directly and proximately from, the conduct alleged herein.

63. Plaintiff and the Class, therefore, seek disgorgement of all wrongfully obtained fees received by Defendant as a result of its inequitable conduct as more fully stated herein.

**SECOND CLAIM FOR RELIEF**
**Violation of California's Unfair Competition Law**
**(Cal. Bus. & Prof. Code § 17200, et seq.)**
**(On Behalf of Plaintiff and the Class)**

64. Plaintiff hereby incorporates by reference the preceding paragraphs.

65. Defendant's conduct described herein violates the Unfair Competition Law ("UCL"), codified at California Business and Professions Code section 17200, *et seq*.

66. The UCL prohibits, and provides civil remedies for, unfair competition. Its purpose is to protect both consumers and competitors by promoting fair competition in commercial markets for goods and services. In service of that purpose, the Legislature framed the UCL's substantive provisions in broad, sweeping language.

67. The UCL imposes strict liability. Plaintiff need not prove that Defendant intentionally or negligently engaged in unlawful, unfair, or fraudulent business practices—but only that such practices occurred.

68. A business act or practice is "unfair" under the UCL if it offends an established public policy or is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers, and that unfairness is determined by weighing the reasons, justifications, and motives of the practice against the gravity of the harm to the alleged victims.

69. A business act or practice is "fraudulent" under the UCL if it is likely to deceive members of the public.

70. A business act or practice is "unlawful" under the UCL if it violates any other law or regulation.

71. Defendant committed unfair and fraudulent business acts and practices in violation of Cal. Bus. & Prof. Code § 17200, *et seq.*, by affirmatively and knowingly misrepresenting its shipping practices, including by falsely advertising that it provides "free shipping" on qualifying orders.

72. Defendant's acts and practices offend an established public policy of truthful advertising in the marketplace, and constitute immoral, unethical, oppressive, and unscrupulous activities that are substantially injurious to consumers.

73. The harm to Plaintiff and the California Subclass outweighs the utility of Defendant's

practices. There were reasonably available alternatives to further Defendant's legitimate business interests, other than the misleading and deceptive conduct described herein.

74. Defendant's conduct also constitutes an "unlawful" act under the UCL because it also constitutes a violation of sections 1770(a)(5) and (a)(9) of the California Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code section 1750, *et seq.*

75. Defendant's business practices have misled Plaintiff and the proposed California Subclass and, unless enjoined, will continue to mislead them in the future.

76. Plaintiff relied on Defendant's misrepresentations in making his purchase.

77. By falsely marketing its shipping fee practices, Defendant deceived Plaintiff and class members into making purchases they otherwise would not make.

78. As a direct and proximate result of Defendant's unfair, fraudulent, and unlawful practices, Plaintiff and class members suffered and will continue to suffer actual damages. Defendant's fraudulent conduct is ongoing and presents a continuing threat to Plaintiff and California Subclass members that they will be deceived. Plaintiff desires to conduct further business with Defendant but cannot rely on Defendant's representations unless an injunction is issued.

79. As a result of its unfair, fraudulent, and unlawful conduct, Defendant has been unjustly enriched and should be required to disgorge its unjust profits and make restitution to Plaintiff and California Subclass members pursuant to Cal. Bus. & Prof. Code § 17203 and 17204.

80. Pursuant to Business & Professions Code §§ 17203 and 17500, Plaintiff and the members of the California Subclass, on behalf of the general public, seek an order of this Court enjoining Defendant from continuing to engage, use, or employ their unfair, unlawful, and fraudulent practices.

81. Plaintiff has no adequate remedy at law in part because Defendant continues to automatically add "Package Protection & Sustainability Fee" to all purchases. Plaintiff therefore seeks an injunction on behalf of the general public to prevent Defendant from continuing to engage in the deceptive and misleading practices described herein.

///

///

**THIRD CLAIM FOR RELIEF**
**False and Misleading Advertising**
**(Bus. & Prof. Code §§ 17500, et seq.)**
**(On Behalf of Plaintiff and the Class)**

82. Plaintiff hereby incorporates by reference the preceding paragraphs if fully restated here.

83. California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code section 17500, states that "[i]t is unlawful for any . . . corporation . . . with intent . . . to dispose of . . . personal property . . . to induce the public to enter into any obligation relating thereto, to make or disseminate or cause to be made or disseminated . . . from this state before the public in any state, in any newspaper or other publication, or any advertising device, or by public outcry or proclamation, or in any other manner or means whatever, including over the Internet, any statement . . . which is untrue or misleading and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading . . . ."

84. Defendant's material misrepresentations and omissions alleged herein violate Business and Professions Code section 17500.

85. Defendant knew or should have known that its misrepresentations and omissions were false, deceptive, and misleading.

86. Pursuant to Business and Professions Code sections 17203 and 17500, Plaintiff and the members of the California subclass, on behalf of the general public, seek an order of this Court enjoining Defendant from continuing to engage, use, or employ their deceptive practices.

87. Further, Plaintiff requests an order awarding Plaintiff and class members restitution of the money wrongfully acquired by Defendant by means of said misrepresentations.

88. Additionally, Plaintiff and class members seek an order requiring Defendant to pay attorneys' fees pursuant to California Civil Code section 1021.5.

**FOURTH CLAIM FOR RELIEF**
**Violation of California's Consumer Legal Remedies Act ("CLRA")**
**Cal. Civ. Code § 1750, *et seq.***
**(On Behalf of Plaintiff and the Class)**

89. Plaintiff incorporates the preceding allegations by reference as if fully set forth herein.

90. This cause of action is brought pursuant to the Consumers Legal Remedies Act

14
CLASS ACTION COMPLAINT

(CLRA), California Civil Code § 1750, *et seq*. Plaintiff and each member of the proposed Class are "consumers" as defined by California Civil Code § 1761(d). Defendant's sale of merchandise to consumers were "transactions" within the meaning of California Civil Code § 1761(e). The merchandise purchased by Plaintiff and the Class are "goods" within the meaning of California Civil Code § 1761(a).

91. Defendant violated and continues to violate the CLRA by engaging in the following practices proscribed by California Civil Code § 1770(a) in transactions with Plaintiff and the Class which were intended to result in, and did result in, the sale of merchandise:

    a. "Misrepresenting the affiliation, connection, or association with, or certification by, another" (a)(3);

    b. "Representing that goods or services have . . . characteristics . . . that they do not have" (a)(5);

    c. "Advertising goods or services with intent not to sell them as advertised" (a)(9);

    d. "Representing that a transaction confers or involves rights, remedies, or obligations that it does not have or involve, or that are prohibited by law" (a)(14);

    e. "Advertising that a product is being offered at a specific price plus a specific percentage of that price unless (A) the total price is set forth in the advertisement, which may include, but is not limited to, shelf tags, displays, and media advertising, in a size larger than any other price in that advertisement, and (B) the specific price plus a specific percentage of that price represents a markup from the seller's costs or from the wholesale price of the product" (a)(20); and

    f. "Advertising, displaying, or offering a price for a good or service that does not include all mandatory fees or charges" (a)(29).

92. Specifically, TCT falsely advertised FREE or flat, low-cost shipping price on its website, and then deceptively added a Package Protection & Sustainability Fee to all orders.

93. Pursuant to § 1782(a) of the CLRA, Plaintiff's counsel notified Defendant in writing by certified mail of the particular violations of §1770 of the CLRA and demanded that it rectify the problems associated with the actions detailed above and give notice to all affected consumers of Defendant's intent to act. If Defendant fails to respond to Plaintiff's letter or agree to rectify the problems associated with the actions detailed above and give notice to all affected consumers within 30 days of the date of written notice, as proscribed by §1782, Plaintiff will move to amend his Complaint to pursue claims for actual, punitive and statutory damages, as appropriate against Defendant. As to this cause of action, at this time, Plaintiff seeks only injunctive relief.

94. Plaintiff also seeks public injunctive relief, as described above.

**FIFTH CLAIM FOR RELIEF**
**Florida Deceptive and Unfair Trade Practices Act**
**Fla. Stat. § 501.201, *et seq*., ("FDUTPA")**
**(On Behalf of Plaintiff and the Florida Subclass)**

95. Plaintiff incorporates the preceding allegations by reference as if fully set forth herein.

96. This cause of action is brought pursuant to the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201, *et seq*., ("FDUTPA"). The stated purpose of the FDUTPA is to "protect the consuming public … from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce." Fla. Stat. § 501.202(2).

97. Plaintiff and members of the Florida Subclass are "consumers" as defined by Fla. Stat. 501.203(7).

98. TCT engaged in "trade or commerce" as defined by Fla. Stat. § 501.203(8) when it assessed Package Protection & Sustainability Fees to consumer online orders.

99. As described herein, Defendant's practice of assessing Package Protection & Sustainability Fees on online orders constitutes an unconscionable, unfair and/or deceptive act in trade or commerce in violation of Fla. Stat. § 501.201.

100. TCT's practice of assessing Package Protection & Sustainability Fee on website orders by consumers is deceptive because of TCT's representations that shipping would be FREE or a flat, low cost.

101. TCT's deceptive, systematic practice of assessing Package Protection & Sustainability Fee on website orders is a practice that is likely to mislead a consumer acting reasonably under the circumstances, to the consumer's detriment.

102. As a direct and proximate result of TCT's unfair, unconscionable, and/or deceptive acts or practices, Plaintiff and members of the Florida subclass have been harmed and sustained damages in the amount of Package Protection & Sustainability Fee assessed.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and the members of the Class seek an Order:

1. Certifying the proposed Class;
2. Declaring that Defendant is financially responsible for notifying the Class members of the pendency of this suit;
3. Declaring the Defendant has committed the violations of law alleged herein;
4. Providing for any and all public injunctive relief the Court deems appropriate;
5. Awarding statutory damages in the maximum amount for which the law provides;
6. Awarding monetary damages, including but not limited to any compensatory, incidental, or consequential damages in an amount that the Court or jury will determine, in accordance with applicable law;
7. Providing for any and all equitable monetary relief the Court deems appropriate;
8. Awarding punitive or exemplary damages in accordance with proof and in an amount consistent with applicable precedent;
9. Awarding Plaintiff their reasonable costs and expenses of suit, including attorneys' fees;
10. Awarding pre- and post-judgment interest to the extent the law allows; and
11. Providing such further relief as this Court may deem just and proper.

///

///

///

///

**DEMAND FOR JURY TRIAL**

Plaintiff and all others similarly situated hereby demand trial by jury on all issues in this complaint that are so triable as a matter of right.

Dated: November 11, 2024

Respectfully submitted,

**KALIEL GOLD PLLC**

By: /s/ Sophia Goren Gold
Sophia G. Gold
Jeffrey D. Kaliel
Amanda J. Rosenberg

*Counsel for Plaintiff and Proposed Class*