GREENBERG TRAURIG, LLP
Robert J. Herrington (SBN 234417)
*Robert.Herrington@gtlaw.com*
Adil M. Khan (SBN 254039)
*Adil.Khan@gtlaw.com*
David H. Marenberg (SBN 329954)
*MarenbergD@gtlaw.com*
1840 Century Park East, Suite 1900
Los Angeles, CA 90067-2121
Tel: 310-586-7700; Fax: 310-586-7800

Attorneys for Defendant True Classic Tees, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| STEPHEN EDLUND, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>TRUE CLASSIC TEES, LLC,<br><br>Defendant. | CASE NO.: 2:25-cv-00450-RGK-RAO<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>*[Request for Judicial Notice, Declaration of David H. Marenberg, and Proposed Order filed concurrently]*<br><br>Hearing Date:    March 31, 2025<br>Hearing Time:    9:00 a.m.<br>Courtroom:        850<br><br>Filed (state court): November 15, 2024<br>Removed:             January 17, 2025 |

ACTIVE 707008385

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**:

PLEASE TAKE NOTICE that on March 31, 2025 at 9:00 a.m., or as soon thereafter as the matter may be heard before the Honorable R. Gary Klausner in Courtroom 850, located at the Roybal Federal Building and U.S. Courthouse, located at 255 East Temple Street, 8th Floor, Los Angeles, CA 90012, Defendant True Classic Tees, LLC ("True Classic") hereby moves the Court for an Order dismissing Plaintiff Stephen Edlund's Complaint with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6) on the following grounds:

Edlund's claims under the False Advertising Law, Cal. Bus. & Prof. Code § 17500 *et seq.* ("FAL"); Unfair Competition Law, Cal. Bus. & Prof Code § 17200 *et seq*. ("UCL"); Consumer Legal Remedies Act Cal. Civ. Code § 1770 *et seq.* ("CLRA"); and the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201 *et seq.* ("FDUTPA"), and for common law unjust enrichment, do not state a claim for relief because Edlund fails to allege a false, deceptive, or misleading representation or omission with particularity under Federal Rule of Civil Procedure 9(b). These claims also fail because Edlund fails to satisfy the reasonable consumer standard applicable, as required. Edlund is trying to claim that the "Package Protection & Sustainability Fee" he paid was a "disguised shipping charge" that should not have been charged because he qualified for "free shipping." But Edlund fails to allege facts showing that he (or any reasonable consumer) was misled by True Classic's advertisement of "free shipping" on qualifying orders or by the "Package Protection & Sustainability Fee." The Complaint shows that the fee is conspicuously listed as a separate line-item from shipping on the checkout screen before completion of purchase, and a reasonable consumer would see that the fee was optional and removable. Edlund also fails to plausibly allege that a reasonable consumer assumes that "shipping" includes package protection or carbon impact reduction.

Edlund's CLRA claim based on Civ. Code § 1770(a)(29) fails because he admits the Packaging Protection & Sustainability Fee could be removed. When enacting this provision, the California Legislature expressly exempted fees for discretionary or optional

services from its requirements. Because the Fee is not mandatory, it is not subject to this new provision, and Edlund does not state a claim.

The Complaint reveals additional, independent reasons to dismiss Edlund's FAL, UCL, CLRA, and FDUTPA claims. His "unlawful" prong claim under the UCL is limited to theories that fail under the reasonable consumer test, as shown. His "unfair" practices claims under the UCL and FDUTPA are conclusory and unsupported, and he admits his purported injury could have been reasonably avoided. His FDUTPA claim also fails because the statute does not apply to extraterritorial acts, and he fails to allege any allegedly deceptive or unfair conduct occurring in Florida. Edlund's unjust enrichment claim fails because he fails to specify which state law applies, as required, and because the claim is duplicative of his other failing claims.

The Court also should dismiss Edlund's claims for equitable relief. Because he is now fully aware of the "Packaging Protection & Sustainability Fee" and does not allege he will try the free shipping deal again, Edlund has nothing to show that legal remedies are inadequate or that he faces a concrete, imminent risk of future injury.

This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, the Declaration of David H. Marenberg, True Classic's Request for Judicial Notice, all pleadings and files in this action, all matters of which this Court may take judicial notice, and upon such other and further evidence and argument as may be presented to the Court at or before the hearing.

This Motion is made following the conference of counsel pursuant to Civil Local Rule 7-3. The parties met and conferred telephonically on February 10, 2025, to discuss the issues raised in the Motion. True Classic explained the arguments raised in the Motion, but the Parties were unable to reach a resolution.

Dated:  February 24, 2025           GREENBERG TRAURIG, LLP

By: */s/ Adil M. Khan*
    Robert J. Herrington
    Adil M. Khan
    David H. Marenberg

*Attorneys for Defendant True Classic Tees, LLC*

ACTIVE 707008385

# **TABLE OF CONTENTS**

MEMORANDUM OF POINTS AND AUTHORITIES ........................................................1

I.    INTRODUCTION ...........................................................................................1

II.   BACKGROUND ALLEGATIONS ...............................................................2

III.  LEGAL STANDARD .....................................................................................4

IV.   ARGUMENT...................................................................................................5

    A.    Edlund Fails to Allege Anything False, Misleading, or Deceptive Under the Reasonable Consumer Standard.....................................................................5

        *1.*    No Reasonable Consumer Would Be Misled By the Checkout Screen. ....................................................................................................................6

        *2.*    No Reasonable Consumer Would Assume That "Shipping" Includes "Package Protection" or "Sustainability" in the Abstract...................9

    B.    Each Claim Fails For Additional Reasons. ..................................................11

        *1.*    Edlund's CLRA Claims Lack Particularity, Fail to Allege an Actionable Representation, and Fail to Allege a Mandatory Fee.......11

        *2.*    The UCL and FAL Claims Rely on the Same Unreasonable Theory of Deceptive Advertising and the UCL Claim Fails Under the "Unfair" Prong. ..............................................................................................12

        *3.*    The FDUTPA Claim Is Duplicative and Based On Extraterritorial Acts ..............................................................................................13

        *4.*    Edlund Fails to Specify Applicable Law For His Duplicative Unjust Enrichment Claim. ...........................................................................14

    C.    Edlund's Equitable Claims Fail Because His Legal Remedies Are Adequate and His Future Injuries Are Speculative and Remote...................................15

        *1.*    Edlund Fails to Allege an Inadequate Legal Remedy. ......................15

        *2.*    Edlund Lacks Standing for Injunctive Relief. ..................................16

V.    CONCLUSION...............................................................................................17

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Allen Saltzman LLP v. Bank of Am. N.A.*,
  Case No. EDCV 24-956-KK-SHKx, 2024 WL 3582626 (C.D. Cal. July 29, 2024) ..................................................................................................13

*Am. Honda Motor Co. v. Motorcycle Info. Network, Inc.*,
  390 F. Supp. 2d 1170 (M.D. Fla. 2005) ..............................................15

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ..............................................................................4

*Augustine v. Talking Rain Bev. Co.*,
  386 F. Supp. 3d 1317 (S.D. Cal. 2019) ...............................................14

*Battle v. Taylor James, LLC*,
  607 F. Supp. 3d 1025 (C.D. Cal. 2022) ...............................................16

*Becerra v. Dr Pepper/Seven Up, Inc*.,
  945 F.3d 1225 (9th Cir. 2019) ...........................................................5, 6

*Buckley v. BMW N. Am*.,
  Case No. CV 19-1255-MWF-SS, 2020 WL 3802905 (C.D. Cal. Mar. 9, 2020) ...................................................................................................4

*Casey v. Fla. Coastal Sch. of Law, Inc.*,
  Case No. 3:14-cv-1229-J-39PDB, 2015 WL 10818746 (M.D. Fla. Sept. 29, 2015) ...........................................................................................13, 14

*Charbonnet v. Omni Hotels & Resorts*,
  Case No.: 20-cv-01777-CAB-DEB, 2020 WL 7385828 (S.D. Cal. Dec. 16, 2020) ..........................................................................................6, 7, 9

*Chuang v. Dr. Pepper Snapple Grp., Inc.*,
  Case No. CV 17-01875-MWF (MRWx), 2017 WL 4286577 (C.D. Cal. Sept. 20, 2017) ....................................................................................15

*In re Am. Fin. Res., Inc. Data Breach Litig.*,
  Civil Action No. 2:22-cv-01757-MCA-JSA, 2023 WL 3963804 (D.N.J. Mar. 29, 2023) .....................................................................................14

*In re Amazon Serv. Fee Litig.*, Case No. 2:22-cv-00743-TL
  2024 WL 3460939 (W.D. Wash. July 18, 2024) ..................................8

*In re Coca-Cola Prods. Mktg. & Sales Practices Litig. (No. II)*,
  __ F. App'x __, 2021 WL 3878654 (9th Cir. 2021) ............................17

ACTIVE 707008385

*Counter v. Premium Outlet Partners, L.P.*,
   Case No. CV 19-7803-MWF-MRW, 2019 WL 8168061 (C.D. Cal. Dec.
   12, 2019) .................................................................................................................4

*Cox v. Porsche Fin. Servs.*,
   337 F.R.D. 426 (S.D. Fla. 2020).............................................................................17

*Cullen v. Netflix, Inc.*,
   No. 5:11-CV-01199-EJD, 2013 WL 140103 (N.D. Cal. Jan. 10, 2013) ......................10

*Cullors v. Cerebral, Inc.*,
   No. 23-55594, 2024 WL 3385530 (9th Cir. July 12, 2024) .........................................8

*Dinan v. SanDisk LLC*,
   Case No. 18-cv-05420-BLF, 2020 WL 364277 (N.D. Cal. Jan. 22, 2020)...................6

*Doe v. CVS Pharm., Inc.*,
   982 F.3d 1204 (9th Cir. 2020) .........................................................................12, 13

*Doe v. Epic Games, Inc.*,
   435 F. Supp. 3d 1024 (N.D. Cal. 2020)......................................................................8

*Durkee v. Ford Motor Co.*,
   No. C 14-0617 PJH, 2014 WL 4352184 (N.D. Cal. Sept. 2, 2014) ...........................15

*Ebner v. Fresh, Inc.*,
   838 F.3d 958 (9th Cir. 2016) ......................................................................................5

*Eidmann v. Walgreen Co.*,
   522 F. Supp. 3d 634 (N.D. Cal. 2021) ......................................................................12

*Elbaz v. Vitals Int'l Grp.*,
   Case No. 8:17-cv-01673-JLS-DFM, 2018 WL 5868739 (C.D. Cal. Apr.
   10, 2018) ....................................................................................................................6

*Elsayed v. Maserati N. Am., Inc.*,
   215 F. Supp. 3d 949 (C.D. Cal. 2016) ......................................................................12

*Fabozzi v. StubHub, Inc.*,
   No. C-11-4385 EMC, 2012 WL 506330 (N.D. Cal. Feb. 15, 2012) ..................6, 7, 8, 9

*Gordon v. Virtumundo, Inc.*,
   575 F.3d 1040 (9th Cir. 2009) ..................................................................................11

*Hakim-Daccach v. Knauf Int'l GmbH*,
   Civil Action No. 17-20495-Civ-Scola, 2017 WL 5634629 (S.D. Fla.
   Nov. 21, 2017) ..........................................................................................................14

*Hall v. Sea World Ent., Inc.*,
   Case No.: 3:15-CV-660-CAB-RBB, 2015 WL 9659911 (S.D. Cal. Dec.
   23, 2015) ....................................................................................................................5

iii

*Harmon v. Hilton Grp.*,
   No. C-11-03677 JCS, 2011 WL 5914004 (N.D. Cal. Nov. 28, 2011) .................11, 13

*Harris v. Las Vegas Sands LLC*,
   No. CV 12-10858 DMG (FFMx), 2013 WL 5291142 (C.D. Cal. Aug. 16, 2013) ................................................................................................................7, 8

*Hartless v. Clorox Co.*,
   Civil No. 06CV2705 JAH(CAB), 2007 WL 3245260 (S.D. Cal. Nov. 2, 2007) ........................................................................................................................11

*Hodsdon v. Mars, Inc.*,
   162 F. Supp. 3d 1016 (N.D. Cal. 2016), *aff'd*, 891 F.3d 857 (9th Cir. 2018) ...................................................................................................................9, 13

*Ford v. Hotwire, Inc.*,
   No. 07-CV-1312 H(NLS), 2008 WL 5874305 (S.D. Cal. Feb. 25, 2008) .................11

*Jackson v. Anheuser-Busch Inbev SA/NV, LLC*,
   Cae No. 20-cv-23392-BLOOM/Louis, 2021 WL 3666312 (S.D. Fla. Aug. 18, 2021) ................................................................................................5

*Kearns v. Ford Motor Co.*,
   567 F.3d 1120 (9th Cir. 2009) .......................................................................4

*In re MacBook Keyboard Litig.*,
   Case No. 5:18-cv-02813-EJD, 2020 WL 6047253 (N.D. Cal. Oct. 13, 2020) ........................................................................................................................16

*Moore v. Trader Joe's Co.*,
   4 F.4th 874 (9th Cir. 2021) ...........................................................................5, 6

*In re Nexus 6P Prods. Liab. Litig.*,
   293 F. Supp. 3d 888 (N.D. Cal. 2018) ...........................................................14

*Oberstein v. Live Nation Ent., Inc.*,
   60 F.4th 505 (9th Cir. 2023) ...........................................................................8

*Parziale v HP, Inc.*,
   445 F. Supp. 3d 435 (N.D. Cal. 2020) .........................................................5, 13

*RNC v. Google LLC*,
   __ F. Supp.3d __, 2024 WL 3595538 (E.D. Cal. 2024) .................................13

*Rodriguez v. FCA US LLC*,
   Case No.: 8:22-cv-01445-FWS-JDE, 2023 WL 3150075 (C.D. Cal. Mar. 21, 2023) ........................................................................................................................15

ACTIVE 707008385

*Shin v. Campbell Soup Co.*,
    Case No. CV 17-1082-DMG (JCx), 2017 WL 3534991 (C.D. Cal. Aug.
    9, 2017) ................................................................................................................... 14

*Sonner v. Premier Nutrition Corp.*,
    971 F.3d 834 (9th Cir. 2020) ........................................................................... 15, 16

*Stark v. Patreon, Inc.*,
    656 F. Supp. 3d 1018 (N.D. Cal. 2023) .................................................................. 8

*Taylor v. Nike, Inc.*,
    No. 3:16-cv-00661-MO, 2017 WL 663056 (D. Or. Feb. 17, 2017) ........................ 11

*Toretto v. Donnelley Fin. Sols., Inc.*,
    583 F. Supp. 3d 570 (S.D.N.Y. 2022) .................................................................. 14

*TransUnion LLC v. Ramirez*,
    594 U.S. 413 (2021) ........................................................................................... 16

*Turnier v. Bed Bath & Beyond Inc.*,
    517 F. Supp. 3d 1132 (S.D. Cal. 2021) ................................................................ 11

*Vess v. Ciba-Geigy Corp. USA*,
    317 F.3d 1097 (9th Cir. 2003) ........................................................................ 4, 10

*White v. BP Prods. N. Am., Inc.*,
    Case No. 5:24-cv-01827-SPG-SK, 2024 WL 5247959 (C.D. Cal. Dec.
    26, 2024) ......................................................................................................... 16, 17

**State Cases**

*B.D. v. Blizzard Entm't, Inc.*,
    76 Cal. App. 5th 931 (2022) ................................................................................. 8

*Haggis v. City of Los Angeles*,
    22 Cal.4th 490 (2000) ........................................................................................ 12

*Lavie v. Procter & Gamble Co.*,
    105 Cal. App. 4th 496 (2003) ............................................................................... 5

*Shaeffer v. Califia Farms, LLC*,
    44 Cal. App. 5th 1125 (2020) ............................................................................... 5

**State Statutes**

Cal. Civ. Code § 1770(a)(3) .................................................................................... 11

Cal. Civ. Code § 1770(a)(5) ............................................................................... 11, 12

Cal. Civ. Code § 1770(a)(9) ............................................................................... 11, 12

v

Cal. Civ. Code § 1770(a)(14)..............................................................................11

Cal. Civ. Code § 1770(a)(20)..............................................................................11

Cal. Civ. Code § 1770(a)(29).............................................................1, 2, 11, 12

**Rules**

Fed. R. Civ. P. § 9(b) .........................................................................1, 5, 10, 11

Fed. R. Civ. P. § 12(b)(6)........................................................................... 1, 4

**Regulations**

16 C.F.R. § 464.1 ...............................................................................................13

16 C.F.R. § 464.2 ...............................................................................................13

ACTIVE 707008385

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

This case is about a fee charged for service that protects against misdirected, stolen, or damaged packages. Plaintiff claims he was shopping on trueclassictees.com in July 2024, when he saw various products, as well as an ad for "free shipping." When checking out, his transaction apparently included one item for $116.66, as well as a $3.73 "Package Protection & Sustainability Fee" listed immediately below, along with a blue underlined "Remove" link.[1] The checkout page also included a separate "subtotal" with "2 items" for $120.39 ($116.66 plus $3.73). Separate lines showed "Shipping FREE," estimated taxes of $7.00, and the overall total of $127.39. After seeing all of this, Edlund completed the transaction. But now, Edlund is trying to claim that the "Package Protection & Sustainability Fee" was somehow a "disguised shipping charge" that should not have been charged because he qualified for "free shipping." In addition to unjust enrichment, Edlund asserts claims under the False Advertising Law ("FAL"); Unfair Competition Law ("UCL"); Consumer Legal Remedies Act ("CLRA"); and the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"). He also alleges that the fee violates the recently enacted provision in Civ. Code § 1770(a)(29), a provision of the CLRA that prohibits price advertising that does not include certain "mandatory" fees. These claims fail for three key reasons.

***First***, Edlund fails to allege facts showing that he (or any reasonable consumer) was misled. He expressly alleges that the Package Protection & Sustainability Fee was disclosed as a separate line item during checkout, distinct from free shipping, and he does *not* allege that he could not see or understand the Fee.

***Second***, Edlund's core theory of deception is implausible on its face. He alleges no facts showing that a reasonable consumer would interpret the "Package Protection & Sustainability Fee" as a "disguised" shipping fee. He provides nothing showing how or

---

[1] The Complaint depicts a screenshot of a checkout screen on trueclassictees.com, an apparent recreation by Edlund's counsel of what Edlund purportedly saw. (Compl. ¶ 20.)

why a reasonable consumer would assume that "free shipping" also includes package protection, enhanced customer support, and efforts to reduce the carbon impact of delivery. Shipping and package protection are distinct concepts, listed separately, disclosed separately, and charged (or not charged) separately. Even if he did not understand "Package Protection" or "Sustainability," he could have reviewed additional clarifying information before completing the transaction.

**Third**, Edlund's CLRA claim based on Civ. Code § 1770(a)(29) fails because he alleges the Packaging Protection & Sustainability Fee could was optional. The California Legislature expressly exempted fees for discretionary or optional services. Because the Fee is not mandatory, it is not subject to this new provision, and Edlund does not state a claim.

With no facts plausibly showing falsity or deception, the overlapping FAL, UCL, CLRA, FDUTPA, and duplicative unjust enrichment claims all fail.

The Court also should dismiss the equitable claims. Because he is now fully aware of the "Packaging Protection & Sustainability Fee" and does not allege he will try the free shipping deal again, Edlund has nothing to show that legal remedies are inadequate or that there is a concrete, imminent risk of future injury. For all these reasons, the Court should grant this Motion and dismiss Edlund's claims.

## II.    BACKGROUND ALLEGATIONS

Edlund alleges that Defendant True Classic Tees, LLC ("True Classic") "is a popular apparel brand specializing in men's t-shirts" sold through its website, TrueClassic.com. (Compl. ¶¶ 1, 13, 42.) Edlund alleges that True Classic "prominently advertises 'Free Shipping' on purchases exceeding $79," as well as "flat, low cost shipping" in circumstances he fails to identify. (*Id.* ¶¶ 2, 5.) Edlund claims he bought unidentified "clothing items" from True Classic in July 2024. (*Id.* ¶ 42.) He alleges that his purchase qualified for free shipping because he paid more than the minimum, as well as a $3.73 fee for Package Protection & Sustainability. (*Id.* ¶¶ 43-44.)

Edlund claims that the representations about "free" and "flat, low-cost" shipping charges are "false" because True Classic "surreptitiously adds a so-called 'Package

Protection & Sustainability Fee' to every online order." (*Id.* ¶ 2.)[2] He claims, with no support, that the Fee "is a disguised shipping charge, rendering" True Classic's "promise to provide 'Free Shipping' false." (*Id.* ¶ 23.) The Complaint depicts a checkout screen with his counsel's information and separate line items for the Fee and Shipping:



(*Id.* ¶ 20 (red boxes in original, shipping address form omitted).)

With no supporting facts, Edlund claims that "Package Protection & Sustainability [] is an inextricable aspect of 'shipping.'" (*Id.* ¶ 6; *see also id.* ¶ 27 (similar).) Again without support, he claims that "reasonable consumers like [him] understand shipping to include reasonable accoutrements to effectuate that shipping, including 'Package Protection.'" (*Id.* ¶ 24.) He then simply concludes that "the 'Package Protection & Sustainability Fee' renders [True Classic's] promise of FREE or a flat, low-cost shipping false." (*Id.* ¶ 3, 26.)

Edlund asserts a few other theories. He alleges that True Classic "omits and conceals material facts about the costs of shipping." (*Id.* at 5, ¶¶ 84-85.) But he does not explain what those facts are, or how they were hidden. (*Id.*) He also asserts that the Fee "go[es] unnoticed by consumers" and that other customers "believe they have no choice but to pay this [Fee]." (*Id.* ¶¶ 21-22, 31-32.) But the Complaint suggests Edlund had the opposite

---

[2] He alleges that the Fee "amounts to a portion of the transaction" without identifying what that portion is. (*Id.* ¶ 20.)

experience. He does not allege that *he* failed to see the Fee or that *he* believed it was mandatory. (*Id.*; *see also id.* ¶¶ 42-46.) As Edlund's screenshot shows, the Fee is a separate "hyperlink[ed]" line item that he could decline by clicking "Remove," which was in blue font, set against a light gray background, underlined, and distinct from surrounding text or images. (*Id.* ¶¶ 20-21.)

Edlund's screenshots and allegations also ignore that he could have obtained more information about the Fee had he wanted to. Edlund could visit the website's FAQ page explaining the Fee:

> **Green Shipping Protection™**
>
> During checkout you have the option to add Green Shipping Protection. If your package arrives damaged or does not arrive at all we've got you covered.  If your order arrives damaged, lost, or stolen, no worries! Simply follow these easy instructions to place a reorder. Submit your issue to **reorder.corso.com** or via email **support@corso.com** and the support team will get right back to you. All you need is your order number and email address used to place the order.

(Marenberg Decl., Exs. A at 5, B at 13.)[3] As shown below, these allegations do not state a claim.

### III.    LEGAL STANDARD

A complaint should be dismissed under Rule 12(b)(6) unless it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Dismissal "is proper when the complaint … fails to allege sufficient facts to support a cognizable legal theory." *Counter v. Premium Outlet Partners, L.P.*, 2019 WL 8168061, at *2 (C.D. Cal. Dec. 12, 2019). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 678-79.

Edlund's claims all sound in fraud, so under Rule 9(b), he must allege the time, place, and content of the alleged misrepresentation or omission, along with facts showing reliance—all with particularity. *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).[4] "[S]imply listing statements and saying they are false does not satisfy

---

[3] *See* Request for Judicial Notice ("RJN"), filed concurrently.

[4] *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009); *Buckley v. BMW N. Am.*, 2020 WL 3802905, at *7 (C.D. Cal. Mar. 9, 2020) (applying Rule 9(b) to "[f]raud-

Rule 9(b)." *Hall v. Sea World Ent., Inc.*, 2015 WL 9659911, at *10 (S.D. Cal. Dec. 23, 2015). Thus, Edlund "must set forth what is false or misleading about a statement, and why…." *Becerra v. Dr Pepper/Seven Up, Inc.*, 945 F.3d 1225, 1228 (9th Cir. 2019).

## IV.    ARGUMENT

**A.    Edlund Fails to Allege Anything False, Misleading, or Deceptive Under the Reasonable Consumer Standard**

Edlund's claims based on deceptive or fraudulent advertising (whether under the FAL UCL, CLRA, or FDUTPA) are governed by the reasonable consumer standard. *See Ebner v. Fresh, Inc.*, 838 F.3d 958, 965 (9th Cir. 2016) (affirming dismissal of UCL, FAL, CLRA, and unjust enrichment claims); *Parziale v HP, Inc.*, 445 F. Supp. 3d 435, 443-44 (N.D. Cal. 2020) (dismissing FDUTPA claim). Edlund must allege facts showing a probability that a "significant portion of the general consuming public …, acting reasonably in the circumstances, could be misled" by the challenged statements. *Lavie v. Procter & Gamble Co.*, 105 Cal. App. 4th 496, 508 (2003). "Possible" or unsupported interpretations and unreasonable assumptions do not state a claim.[5]

Courts often apply these standards at the motion-to-dismiss stage. *See Moore v. Trader Joe's Co.*, 4 F.4th 874, 880, 882-83 (9th Cir. 2021) (affirming dismissal of deceptive advertising claims based on "unreasonable or fanciful interpretations"); *Ebner*, 838 F.3d at 968 (affirming dismissal, rejecting claims based on unreasonable assumptions

---

based claims" under CLRA and UCL); *Jackson v. Anheuser-Busch Inbev SA/NV, LLC*, 2021 WL 3666312, at *8 (S.D. Fla. Aug. 18, 2021) (applying Rule 9(b) to FDUTPA claims grounded in fraud).

[5] *See Ebner*, 838 F.3d at 965 ("mere possibility that [a representation] might conceivably be misunderstood by some few consumers viewing it in an unreasonable manner" is insufficient) (cleaned up); *Becerra*, 945 F.3d at 1229 (plaintiff cannot allege "plausible misunderstanding of [a] word" different from "common understanding"); *Shaeffer v. Califia Farms, LLC*, 44 Cal. App. 5th 1125, 1139 (2020)  (FAL claim cannot rest on "a series of inferential leaps" that "a reasonable consumer is unlikely to make").

ACTIVE 707008385

about a label's meaning).[6] In deciding reasonableness, courts consider the advertising in context and often rely on dictionary definitions.[7]

Edlund's deceptive advertising claims fail the reasonable consumer standard for <u>two</u> main reasons: (1) no reasonable consumer would be misled by "free shipping" under his theory because they would see the Fee listed as a separate line-item from shipping; and (2) Edlund fails to support his claim that a reasonable consumer assumes that "shipping" includes package protection or carbon impact reduction.

### 1.    No Reasonable Consumer Would Be Misled By the Checkout Screen.

Reasonable consumers are not misled when, as here, a separate fee is disclosed before checkout and they "agree[] to pay the purchase price [they] actually paid…." *Fabozzi v. StubHub, Inc.*, 2012 WL 506330, at *6 (N.D. Cal. Feb. 15, 2012). In *Charbonnet v. Omni Hotels & Resorts*, for example, the court dismissed false advertising claims because plaintiff made "allegations of fraudulent 'drip pricing,' without any factual support…." 2020 WL 7385828, at *7 (S.D. Cal. Dec. 16, 2020). Plaintiff alleged that the "advertised daily rate on Expedia did not reflect the mandatory $25 property fee that was included in the total room charge, and that this fee was not revealed to her until she was 'ready to buy.'" *Id.* at *1. She claimed this practice was "likely to deceive reasonable consumers because she was lured [by the] artificially lowered rate for a hotel room, and

---

[6] *See also Dinan v. SanDisk LLC*, 2020 WL 364277, at *7-8 (N.D. Cal. Jan. 22, 2020) (finding no reasonable consumer would be deceived about the number of "gigabytes" where disclosure clarified term's meaning); *Elbaz v. Vitals Int'l Grp.*, 2018 WL 5868739, at *3 (C.D. Cal. Apr. 10, 2018) (finding no deceptiveness where "a consumer would have to ignore half of the representation" to adopt plaintiff's proffered interpretation).

[7] *See Moore*, 4 F.4th at 882 ("deceptive advertising claims should take into account all the information available to consumers and the context in which that information is provided and used" including "contextual inferences…readily available to anyone browsing the aisles of" defendant's store); *Becerra*, 945 F.3d at 1229 (holding no reasonable consumer would interpret "diet" soda to "promise[] weight loss or management" based on dictionary definition of "diet").

the property fee was not revealed until after the false price was first represented." *Id*. at *3 (cleaned up).

The court dismissed plaintiff's false advertising claims because plaintiff's "purported consumer would not be a reasonable one…." *Id*. at *4. Website screenshots revealed that the hotel "explicitly disclose[d] that the daily rate advertised [did] not equal the total cost of the room"; and "on a line of text directly beneath [the daily rate], Omni state[d] the higher, total price…that include[d] taxes & fees." *Id*. at *3 This "put a reasonable consumer on notice that they would be charged…fees in addition to the daily rate…." *Id*. And "though the text stating the total price [was] in slightly smaller font than the daily rate, anyone reading the daily rate would be able to read the marginally smaller text as well" and could click a button for more information. *Id*. at *3-4.[8]

Like these cases, Edlund alleges that the Fee is disclosed as a separate item during checkout. (*See* Compl. ¶ 20.) The Fee is in the same font size as the other charges, *above* the subtotal, while shipping and estimated taxes are listed separately *below* the subtotal. (*Id*.) Just like the image of t-shirts highlights the merchandise in the online shopping cart, the Fee has its own image. (*Id*.) Finally, the combined price of those two items—$116.66 for the shirts and $3.73 for the Fee—adds up exactly to the $120.39 subtotal, before tax and shipping. (*Id*.) Edlund also does *not* allege that *he* failed to see the $3.73 Fee. He just speculates that the Fee may "go unnoticed" by others. (Compl. ¶ 21.) As in *Charbonnet*,

---

[8] *See also Harris v. Las Vegas Sands LLC*, 2013 WL 5291142, at *5 (C.D. Cal. Aug. 16, 2013) (dismissing claims about allegedly misleading resort fee where 7-point font disclosure "was smaller, but not by much" and "certainly readable to someone who is otherwise able to read the 8.5-point font that made up the rest of the text."); *Fabozzi*, 2012 WL 506330, at *1, 6 (dismissing claims about alleged incomplete price information that "attribute[d] to consumers a level of stupidity … that is not actionable[,]" relying on website screenshots, including buyer Q&A, to hold that "Plaintiff agreed to pay the purchase price he actually paid, so there was no deception").

ACTIVE 707008385

*Harris*, and *Fabozzi*, the reasonable consumer is on notice of the Fee and its impact on the total price before completing the transaction.[9]

The reasonable consumer also would see that the Fee was "optional." (Compl. ¶¶ 20-21.) A "Remove" hyperlink was in close proximity, appearing in underlined, blue font, contrasting with the light gray background. (*Id.*)[10] The hyperlink is surrounded by blank space instead of other text or images, making it even more conspicuous. (*Id.*) Courts find that similar disclosures place a reasonable consumer on notice.[11] As one court observed, "at its root, Plaintiff's argument is that Defendant did not disclose the information to her in her preferred method, which does not itself constitute a deceptive act…." *In re Amazon Serv. Fee Litig.*, 2024 WL 3460939, at \*8, 11 (W.D. Wash. July 18, 2024) (dismissing claims over optional delivery charge).

These disclosures also doom Edlund's vague omission claims. *Stark v. Patreon, Inc.*, 656 F. Supp. 3d 1018, 1039 (N.D. Cal. 2023) (dismissing UCL and CLRA claims because plaintiffs failed "to satisfy Rule 9(b) [for] the affirmative representations on which they

---

[9] *See Charbonnet*, 2020 WL 7385828, at \*3; *Harris*, 2013 WL 5291142, at \*5 (dismissing where resort fee's existence and amount were disclosed "on a line directly beneath the Grand Total and above more information that the consumer must examine to verify the purchase"); *see also Doe v. Epic Games, Inc.*, 435 F. Supp. 3d 1024, 1047 (N.D. Cal. 2020) ("[W]hile plaintiff alleges that a disclaimer … appears 'in very small inconspicuous text,' plaintiff does not allege whether he saw this disclosure, and if he did, how he was misled by it").

[10] *See Cullors v. Cerebral, Inc.*, 2024 WL 3385530, at \*1 (9th Cir. July 12, 2024) ("contrasting font color (typically blue)" is a "customary design element[] denoting the existence of a hyperlink" that "can alert a user that the particular text differs from other plain text").

[11] *See Oberstein v. Live Nation Ent., Inc.*, 60 F.4th 505, 516 (9th Cir. 2023) (plaintiffs had notice of hyperlink "conspicuously distinguished from the surrounding text in bright blue font, making its presence readily apparent"); *B.D. v. Blizzard Entm't, Inc.*, 76 Cal. App. 5th 931, 954 (2022) (underlined blue text "stood out" against white text of same size); *In re Amazon Serv. Fee Litig.*, 2024 WL 3460939, at \*8 (disclosed fee presented "in the same size and font as the cost of the products and associated taxes" "st[ood] out from the other costs").

base[d] their omission claims"). Although Edlund alleges buzzwords like "omit" and "conceal" (*see* Compl. at 5:22 and ¶¶ 84-85), he identifies no particularized omission or legal duty to disclose more information. *Hodsdon v. Mars, Inc.*, 162 F. Supp. 3d 1016, 1024 (N.D. Cal. 2016) (requiring a specified omission "contrary to a representation actually made" by defendant or an "omission of a fact [it] was obligated to disclose") (quotations omitted), *aff'd*, 891 F.3d 857 (9th Cir. 2018).

The checkout screen also shows that Edlund lacks statutory standing. For these claims, Edlund "must demonstrate both actual reliance on the alleged deception and economic injury-in-fact[,]" *Charbonnet*, 2020 WL 7385828, at *4, namely that (i) "had the omitted information been disclosed," Edlund "would have been aware of it and behaved differently"; and (ii) that "[b]y relying on a misrepresentation…[Edlund] paid more for a product than [he] otherwise would have paid…." *Id.* Whether framed as a delayed or omitted fee or a false representation of a lower price, the checkout screen shows Edlund paid the total price "knowing it was more than" what he supposedly expected, so "the addition of [the fee]" at checkout "ultimately had no effect on [Edlund's] decision." *Id.* at *5; *Fabozzi*, 2012 WL 506330, at *8 ("[I]t is difficult to see how [the allegedly omitted information] would have had any effect on Plaintiff's conduct.").

### 2. No Reasonable Consumer Would Assume That "Shipping" Includes "Package Protection" or "Sustainability" in the Abstract.

Regardless of the checkout page disclosures, no reasonable consumer would assume, as Edlund apparently did, that the Package Protection & Sustainability Fee is a "disguised shipping charge" in the abstract. (Compl. ¶ 23.) Reasonable consumers know that:

- Shipping is limited to mailing or transporting merchandise from its original location to the customer's designated address;[12]

---

[12] *See* RJN 4, 8 (dictionary definitions of "ship" as "to cause to be transported" or "to send … from one place to another, esp. by delivery to a carrier for transportation").

ACTIVE 707008385

- Package *"protection"* refers to protection against damage;[13]
- The Postal Service and private shipping companies charge extra for package protection;[14] and
- "Sustainability" generally refers to practices that may help mitigate against resource depletion or damage.[15]

Thus, based on the Fee's name alone, a reasonable consumer would understand that "shipping" is distinct from "package protection" or "sustainability." Edlund alleges nothing supporting his generic assertion that reasonable consumers would expect free shipping to include offers of package protection, expedited replacement, priority customer support, or efforts to reduce the carbon impact. *See Cullen v. Netflix, Inc.*, 2013 WL 140103, at *7 (N.D. Cal. Jan. 10, 2013) (dismissing UCL and CLRA claims because plaintiff "only offer[ed] his conclusory iterations that a reasonable consumer would interpret the statements as he did"). Edlund also identifies no representation that package protection would be included at no extra charge if a purchase qualified for free standard shipping. *See Vess*, 317 F.3d at 1103.[16]

---

[13] RJN 7 (definition of "protection" as "shelter" or "preservation from harm, danger, damage").

[14] *See id.*; Marenberg Decl., Ex. C (https://www.ups.com/us/en/ups-insureshield.page (offering separate shipping protection plan with expedited claim processing, and expedited refunds)); Ex. D (https://www.ups.com/us/en/the-ups-store/pack-and-ship/pack-ship-guarantee.page (offering guaranteed reimbursement of shipping costs but not shipping insurance costs or other charges)); Ex. E at 28-29 (https://www.usps.com/ship/insurance-extra-services.htm (offering lower-cost shipping options without standard shipping insurance)).

[15] *See* RJN 4, 8 (dictionary defining "sustainability" as "of, relating to, or being a method of harvesting or using a resource so that the resource is not depleted or permanently damaged" and "sustainable" as "capable of being maintained or continued at a certain rate or level").

[16] Edlund also identifies no representations about "flat" or "low-cost" shipping (Compl. ¶¶ 3-5), so any theory relying on the falsity of these statements also fails to satisfy Rule 9(b). Even then, a reasonable consumer would believe $3.73 is "low-cost" in proportion to an alleged purchase of "well over" $79. (*Id.* ¶¶ 43-44.)

**B.      Each Claim Fails For Additional Reasons.**

The CLRA, UCL, FAL, FDUTPA and unjust enrichment claims each fail for additional reasons, as explained below.

### 1.      Edlund's CLRA Claims Lack Particularity, Fail to Allege an Actionable Representation, and Fail to Allege a Mandatory Fee

Edlund alleges generic violations of *six* subsections of the CLRA by simply incorporating all prior allegations and quoting the subsections verbatim. (Compl. ¶¶ 89-91.) Each claim fails to provide fair notice and violates Rule 9(b). *See Hartless v. Clorox Co.*, 2007 WL 3245260, at *8 (S.D. Cal. Nov. 2, 2007) (holding that "listing of the CLRA provisions" was insufficient to satisfy Rule 9(b)). For example, Edlund alleges nothing about any "affiliation, connection, or association with, or certification by, another[,]" so the subsection (a)(3) claim fails. Similarly, Edlund identifies no product offered "at a specific price plus a specific percentage of that price," as proscribed by subsection (a)(20).

The purported claims under subsections (a)(5), (a)(9) and (a)(14) also fail because Edlund identifies no false, misleading, or deceptive representation, as explained above. *See Turnier v. Bed Bath & Beyond Inc.*, 517 F. Supp. 3d 1132, 1137 (S.D. Cal. 2021) (dismissing section (a)(5) and (a)(9) claims); *Ford v. Hotwire, Inc.*, 2008 WL 5874305, at *5 (S.D. Cal. Feb. 25, 2008) (dismissing all three claims where reasonable consumer would not be deceived by "price and related disclosures"); *Taylor v. Nike, Inc.*, 2017 WL 663056, at *8 (D. Or. Feb. 17, 2017) (dismissing section (a)(9) claim absent "allegations … that [plaintiff] purchased products at a different price than was advertised"); *Harmon v. Hilton Grp.*, 2011 WL 5914004, at *11 (N.D. Cal. Nov. 28, 2011) (dismissing section (a)(14) claim where defendant disclosed that allegedly free newspaper could be declined for a credit on opt-out basis, so "[t]here was no misrepresentation").

Finally, subsection (a)(29) only applies to "mandatory" fees, and Edlund's allegations show that the Fee was an additional, optional service that could be removed. (Compl. ¶¶ 20-21, 32.) The statute does not define mandatory, but its plain meaning

excludes discretionary fees.[17] The legislative history also confirms that "[o]ptional fees and charges, such as for premium movie channels in one's cable TV subscription, or for gift-wrapping an online purchase, would not have to be included" in the total price under this subsection.[18] Even if the Fee were mandatory, subsection (a)(29) exempts shipping fees from the requirement that mandatory fees be disclosed up front. Civ. Code § 1770(a)(29)(A)(ii). Thus, even if the Fee were a "disguised shipping charge" (*Id.* ¶ 23), it is exempt, so Edlund's claim fails.

> *2.*    **The UCL and FAL Claims Rely on the Same Unreasonable Theory of Deceptive Advertising and the UCL Claim Fails Under the "Unfair" Prong.**

Edlund asserts violations of the FAL and the UCL's "fraudulent" prong based on the same flawed deceptive advertising theory (Compl. ¶¶ 64-74), which fails the "reasonable consumer" test for the reasons discussed above. (*See* Sec. III.A.1-2.) Similarly, the "unlawful" prong claim is based only on sections 1770(a)(5) and (a)(9) of the CLRA (Compl. ¶ 74), which also fail under the reasonable consumer test. *See Elsayed v. Maserati N. Am., Inc.*, 215 F. Supp. 3d 949, 965 n.9 (C.D. Cal. 2016) ("[S]ince Plaintiff's CLRA claims fail, any UCL unlawful prong claim also fails."). Edlund's "unfair" prong claim is also duplicative and fails. *Eidmann v. Walgreen Co.*, 522 F. Supp. 3d 634, 647 (N.D. Cal. 2021) (dismissing unfair prong claim that "overlap[ped] entirely with the conduct alleged in the fraudulent and unlawful prongs").

---

[17] *See* RJN 4, 8 (defining "mandatory" as "obligatory, compulsory; not discretionary"); *Gordon v. Virtumundo, Inc.*, 575 F.3d 1040, 1062 (9th Cir. 2009) (citing dictionary definition to determine "ordinary meaning" of term not defined in statute); *Haggis v. City of Los Angeles*, 22 Cal. 4th 490, 498 (2000) (construing "mandatory" as "obligatory" and not "discretionary").

[18] *See* RJN 7; Marenberg Decl., Ex. F at 34.

ACTIVE 707008385

Edlund also fails to allege facts satisfying any of the three tests under which courts evaluate the "unfair" prong. (*See* Compl. ¶¶ 72-73.)[19] Edlund's reference to generalized statements in an FTC press release (*id.* ¶ 37) do not sufficiently describe a public policy "tethered to specific constitutional, statutory, or regulatory provisions." The final version of the FTC rule discussed in the press release does not apply to True Classic. *See* 16 C.F.R. §§ 464.1, 464.2 (regulation applies only to a "covered good or service" defined as "live-event tickets" or "short-term lodging"); *cf. RNC v. Google LLC*, __ F. Supp.3d __, 2024 WL 3595538, at *9 (E.D. Cal. 2024) (dismissing unfair prong claim that would in effect "circumvent . . . a conscious legislative decision to not provide such protection").

As for the other two tests, Edlund merely recites their elements with no facts. *See CVS*, 982 F.3d at 1215 (affirming dismissal based on "conclusory recitation" that "left the district court to guess what conduct . . . satisfied the 'unfair' prong"). Edlund's alleged injury was also avoidable under the balancing test, and he fails to allege a duty to disclose any particular material that was omitted. *See Harmon*, 2011 WL 5914004, at *10 (dismissing unfair prong claim when allegations indicated that "any supposed 'harm'" from hotel's opt-out practice of providing newspapers for additional charge "could easily have been avoided by a reasonable consumer" by reading disclosures available at check-in); *Hodsdon*, 162 F. Supp. 3d at 1027 ("[F]ailure to disclose information [defendant] had no duty to disclose … is not substantially injurious, immoral, or unethical").

### 3. The FDUTPA Claim Is Duplicative and Based On Extraterritorial Acts

"A consumer claim for damages under FDUTPA has three elements: (1) a deceptive act or unfair practice; (2) causation; and (3) actual damages." *Parziale v. HP, Inc.*, 445 F. Supp. 3d 435, 442 (N.D. Cal. 2020).

*First*, Edlund's theory based on supposedly "deceptive acts" fails the reasonable consumer test. *See Parziale*, 445 F. Supp. 3d at 443 (dismissing FDUTPA claim for failure

---

[19] *See Doe v. CVS Pharm., Inc.*, 982 F.3d 1204, 1214-15 (9th Cir. 2020) (identifying the three tests a court can apply to evaluate the unfair prong).

to allege a "representation, omission, or practice that is likely to mislead the consumer acting reasonably in the circumstances").

*Second*, Edlund alleges a "reasonably avoid[able]" injury and thus fails to allege an "unfair" practice under FDUTPA. *Parziale*, 445 F. Supp. 3d at 447. "An injury is reasonably avoidable if consumers 'have reason to anticipate the impending harm and the means to avoid it.'" *Id.* (holding that a support page on defendant's website gave plaintiff sufficient information to avoid injury from unreasonable assumption); *Casey v. Fla. Coastal Sch. of Law, Inc.*, 2015 WL 10818746, at *4 (M.D. Fla. Sept. 29, 2015) (consumers could reasonably avoid injury because "more nuanced" information was readily available). Edlund does not allege that he could not notice the Fee, and his screenshots show that the Fee was reasonably disclosed. The Complaint also acknowledges the "optional hyperlink" to remove the Fee. (Compl. ¶¶ 20-21.)

*Third*, "'FDUTPA applies only to actions that occurred within the state of Florida.'" *Hakim-Daccach v. Knauf Int'l GmbH*, 2017 WL 5634629, at *7 (S.D. Fla. Nov. 21, 2017).[20] Edlund does not allege where his purchase took place, only that he is a Florida resident and citizen, and that "one or more of the transactions that form the basis of this action occurred in Los Angeles County." (Compl. ¶¶ 8, 11.) He also alleges that "the decision to charge Protection & Sustainability Fees" originated in California. (*Id.* ¶ 15.) Since Edlund does not allege any "improper acts that actually occurred in Florida[,]" his FDUTPA claim fails. *Hakim-Daccach*, 2017 WL 5634629, at *7.

### 4. Edlund Fails to Specify Applicable Law For His Duplicative Unjust Enrichment Claim.

Edlund fails to identify which state's law applies to his unjust enrichment claim (Compl. ¶¶ 58-63), as he must. *See Augustine v. Talking Rain Bev. Co.*, 386 F. Supp. 3d

---

[20] *See also Toretto v. Donnelley Fin. Sols., Inc.*, 583 F. Supp. 3d 570, 606 (S.D.N.Y. 2022) (dismissing FDUTPA claim where plaintiff failed to allege that "that at least some improper acts occurred in Florida"); *In re Am. Fin. Res., Inc.*, 2023 WL 3963804, at *10 (D.N.J. Mar. 29, 2023) (dismissing FDUTPA claims that "relie[d] entirely on 'conduct that occurred at [Defendant's] headquarters in New Jersey'").

1317, 1333 (S.D. Cal. 2019) ("to determine whether a claim has been adequately pled, Plaintiffs must allege the applicable law"); *In re Nexus 6P Prods. Liab. Litig.*, 293 F. Supp. 3d 888, 933 (N.D. Cal. 2018); (dismissing unjust enrichment claim where plaintiff failed to specify which state's laws applied).

Edlund also cannot repackage failed consumer protection theories as unjust enrichment claims. *See Shin v. Campbell Soup Co.*, 2017 WL 3534991, at *8 (C.D. Cal. Aug. 9, 2017) (dismissing duplicative unjust enrichment claim). Edlund incorporates the same conduct underlying his other claims, alleging that True Classic was unjustly enriched "as a result of its wrongful conduct alleged herein[.]" (Compl. ¶¶ 59-60). "Because Plaintiff has failed to state claims under the California consumer protection statutes, the unjust enrichment claim fails as well." *Chuang v. Dr. Pepper Snapple Grp., Inc.*, 2017 WL 4286577, at *8 (C.D. Cal. Sept. 20, 2017).

## C.    Edlund's Equitable Claims Fail Because His Legal Remedies Are Adequate and His Future Injuries Are Speculative and Remote.

The equitable FAL, UCL, unjust enrichment, and CLRA claims, as well as the requests for restitution, declaratory and injunctive relief, fail because Edlund alleges an adequate legal remedy and does not allege facts showing concrete, imminent future injury.

### 1.    Edlund Fails to Allege an Inadequate Legal Remedy.

Edlund's requests for equitable relief under the FAL, UCL, and CLRA, and his common law unjust enrichment claim (Compl. ¶¶ 56, 63, 79-81, 86-87, 93-94, Prayer for Relief ¶¶ 2-4, 7)[21] should be dismissed because he alleges an adequate legal remedy. Plaintiffs seeking equitable relief must "allege some facts suggesting that damages are insufficient to make them whole." *Rodriguez v. FCA US LLC*, 2023 WL 3150075, at *3 (C.D. Cal. Mar. 21, 2023) (dismissing UCL claim); *Sonner v. Premier Nutrition Corp.*, 971

---

[21] Equitable relief would be unavailable under FDUTPA, if Edlund sought it. *Am. Honda Motor Co. v. Motorcycle Info. Network, Inc.*, 390 F. Supp. 2d 1170, 1178 (M.D. Fla. 2005) (dismissing unjust enrichment claim given adequate relief at law under FDUTPA).

ACTIVE 707008385

F.3d 834, 844 (9th Cir. 2020) ("[Plaintiff] must establish that she lacks an adequate remedy at law before securing equitable restitution for past harm under the UCL and CLRA."); *Durkee v. Ford Motor Co.*, 2014 WL 4352184, at *3 (N.D. Cal. Sept. 2, 2014) (dismissing CLRA claim seeking only injunctive relief where another claim provided adequate legal remedies).

Edlund maintains legal remedies are inadequate "because [True Classic] continues to automatically add 'Package Protection & Sustainability Fee' to all purchases." (*Id.* ¶ 81.) But he does not explain how he will be injured in the future by this continued practice or why monetary damages are inadequate. He is now aware of the practice. (*Id.* ¶¶ 45-46.) And he does not explain how "actual damages" (*id.* ¶ 102) would be inadequate to compensate any current or future injury. *See Sonner*, F.3d at 844; *Battle v. Taylor James, LLC*, 607 F. Supp. 3d 1025, 1052-53 (C.D. Cal. 2022) (allegations that plaintiff "intend[ed] to, desire[ed] to, and will purchase" a product in the future were not "plausible" or "specific enough" to allege inadequate remedy at law); *In re MacBook Keyboard Litig.*, 2020 WL 6047253, at *3-4 (N.D. Cal. Oct. 13, 2020) (possibility of future purchase was insufficient without explaining "why [Plaintiff] could not sufficiently be 'made whole' by monetary damages").

### 2.    Edlund Lacks Standing for Injunctive Relief.

Edlund also must "demonstrate standing separately for each form of relief sought." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 436-37 (2021). A risk of future injury must be "sufficiently imminent and substantial" (*id.*), "'certainly impending,'" and not "conjectural or hypothetical" to establish standing. *In re Coca-Cola Prods. Mktg. & Sales Practices Litig. (No. II)*, __ F. App'x __, 2021 WL 3878654, at *1 (9th Cir. 2021).

"[A]bsent a clearly stated intention to purchase a product in the future," Edlund lacks standing for injunctive relief. *White v. BP Prods. N. Am., Inc.*, 2024 WL 5247959, at *3 (C.D. Cal. Dec. 26, 2024). Although Edlund asserts that he "remains *interested* in ordering goods for shipping" through the website (Compl. ¶ 54) (emphasis added), he does not allege that he is interested in taking True Classic's free shipping deal in the future. Even if

he did, such tentative assertions do not allege an imminent future injury. *See In re Coca-Cola*, 2021 WL 3878654, at *2 (allegation that plaintiffs "would *consider* purchasing [the product]" as currently advertised in the future failed). Further, he cannot deny that he is now aware of both the free shipping deal and the removable Fee. With such knowledge, he "would not have made the purchase[.]" (Compl. ¶¶ 21, 45-46.) Future harm is therefore remote, speculative, and avoidable. *In re Coca-Cola*, 2021 WL 3874854, at *2.[22]

## V.    <u>CONCLUSION</u>

Edlund's unsupported misinterpretation of "free shipping" does not match the reasonable consumer. No consumer with Edlund's understanding would be misled in any event since the optional Fee was separately and conspicuously disclosed on his checkout screen. Edlund's claims should therefore be dismissed with prejudice.

Dated: February 24, 2025            GREENBERG TRAURIG, LLP

                        By:  */s/ Adil M. Khan*
                        Robert J. Herrington
                        Adil M. Khan
                        David H. Marenberg
                        *Attorneys for Defendant True Classic Tees, LLC*


## L.R. 11-6.2 Certificate of Compliance

The undersigned, counsel of record for Defendant True Classic Tees, LLC, certifies that this brief contains 5,590 words, which complies with the word limit of L.R. 11-6.1 and the Court's Standing Order, ECF No. 9.

Dated: February 24, 2025            GREENBERG TRAURIG, LLP

                        By:  */s/ Adil M. Khan*
                        Robert J. Herrington
                        Adil M. Khan
                        David H. Marenberg
                        *Attorneys for Defendant True Classic Tees, LLC*

---

[22] *See Cox v. Porsche Fin. Servs.*, 337 F.R.D. 426, 434 (S.D. Fla. 2020) (injunctive relief unavailable under FDUTPA due to insufficiently imminent "threat of future harm").

ACTIVE 707008385