UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-00450-RGK-RAO | Date | March 19, 2025 |
|---|---|---|---|
| Title | *Stephen Edlund v. True Classic Tees, LLC* | | |

Present: The Honorable **R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE**

| Joseph Remigio | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiff:         Attorneys Present for Defendant:

Not Present                                          Not Present

**Proceedings:**     (IN CHAMBERS) Order Re: Motion to Remand [DE 12]

## I.   INTRODUCTION

On November 15, 2024, Stephen Edlund ("Plaintiff") filed a putative class action Complaint against True Classic Tees, LLC ("Defendant") in state court. Plaintiff asserts claims for unjust enrichment and violations of California's Unfair Competition Law ("UCL"), California's False Advertising Law ("FAL"), California's Consumer Legal Remedies Act ("CLRA"), and Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"). (ECF No. 1-1.) On January 17, 2025, Defendant removed the action to federal court based on the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d). (ECF No. 1.)

Presently before the Court is Plaintiff's Motion to Remand. (ECF No. 12.)

For the following reasons, the Court **DENIES** the Motion.

## II.   FACTUAL BACKGROUND

Plaintiff alleges the following:

Defendant is a popular apparel brand selling men's t-shirts through its website. Defendant offers "free shipping" on orders over $79 and "flat, low-cost" shipping on other orders. (Compl. ¶¶ 2, 5.) In reality, Defendant disguises shipping fees as a "Package Protection & Sustainability Fee," which it adds to every online order. (*Id.* ¶¶ 2, 20.)

On July 2, 2024, Plaintiff used Defendant's website to purchase clothing. The website repeatedly informed Plaintiff that he would receive "free shipping" on the order. However, Plaintiff's order included a $3.73 "Package Protection & Sustainability Fee" that was automatically added to his order. Plaintiff would not have made the purchase if he had known Defendant's shipping was not "free."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-00450-RGK-RAO | Date | March 19, 2025 |
|---|---|---|---|
| Title | *Stephen Edlund v. True Classic Tees, LLC* | | |

Plaintiff seeks a refund of the fee on behalf of himself and a putative class of consumers who paid the fee during the alleged class period as well as punitive damages, among other remedies.

### III.  JUDICIAL STANDARD

28 U.S.C. § 1441(a) authorizes defendants to remove a case to federal court when the federal court would have had original jurisdiction over the case. *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992). However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *Id.* Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* The removing party always bears the burden of establishing that removal is proper. *Id.*

The enactment of CAFA does not alter this rule. *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007). ("[When enacting CAFA] Congress intended to maintain the historical rule that it is the proponent's burden to establish a prima facie case of removal jurisdiction."). Although a presumption against federal jurisdiction exists in run-of-the-mill diversity cases, "no antiremoval presumption attends cases invoking CAFA." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). Under CAFA, district courts are vested with original jurisdiction over putative class actions where: (1) the amount in controversy exceeds $5 million (2) the class members number at least 100, and (3) at least one plaintiff is diverse from any one defendant. 28 U.S.C. §1332(d)(2).

Generally, a removing party's notice of removal need include only "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 574 U.S. at 89. However, when a plaintiff challenges the defendant's assertion of the amount in controversy, evidence establishing the amount is required. *Id.* "Along with the complaint, [the court] considers allegations in the removal petition, as well as 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 793 (9th Cir. 2018).

### IV.  DISCUSSION

Plaintiff argues that Defendant has not demonstrated the amount in controversy exceeds $5 million.[1] The Court disagrees.

In its Notice of Removal, Defendant estimated the amount of controversy as $7,500,000. This estimate included: (1) over $3,000,000 in compensatory damages based on the amount of "Package Protection & Sustainability Fees" customers paid during the alleged class period; (2) over $3,000,000 in punitive damages; and (3) $1,500,000 in attorneys' fees. Defendant's punitive damages and attorneys' fees calculations were both based on the assumption that at least $3,000,000 in compensatory damages

---

[1] The parties do not dispute that CAFA's diversity and class numerosity requirements are satisfied.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-00450-RGK-RAO | Date | March 19, 2025 |
|---|---|---|---|
| Title | *Stephen Edlund v. True Classic Tees, LLC* | | |

are at stake. That is, its punitive damages calculation assumed a 1:1 ratio of punitive damages to compensatory damages, and its attorneys' fees calculation assumed that the Court would award 25% of the total damages as attorneys' fees.

Plaintiff argues that Defendant's $3,000,000 compensatory damages figure is "pulled out of thin air" and utterly unsupported by any evidence. (Mot. at 5.) In its Opposition, however, Defendant bolstered its calculation of compensatory damages with a declaration from Alex McVey, its Head of Finance, who attests that customers paid a total of $3,174,931 in "Package Protection & Sustainability Fees" during the alleged class period. (McVey Decl. ¶ 6, ECF No. 13-1.) Based on this declaration, the Court finds that Defendant has adequately demonstrated that $3,174,931 in compensatory damages are at stake.

Plaintiff further argues that Defendant has not supported its proffered 1:1 ratio of punitive damages to compensatory damages. "[A] defendant that relies on potential punitive damages to satisfy the amount in controversy under CAFA meets that requirement if it shows that the proffered punitive/compensatory damages ratio is reasonably possible." *Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 773 (9th Cir. 2020). "[O]ne way to establish that possibility is to cite a case involving the same or a similar statute in which punitive damages were awarded based on the same or higher ratio." *Id.* Here, Defendant has cited four cases where juries awarded punitive damages at ratios higher than 1:1 in cases involving the CLRA, the same statute pursuant to which Plaintiff seeks punitive damages. Accordingly, Defendant's proffered ratio is reasonably possible. Thus, Defendant has adequately demonstrated that $3,174,931 in punitive damages are at stake.

In its Reply brief, Plaintiff makes a last-ditch argument that its recently filed First Amended Complaint divests the Court of jurisdiction over this case because he removed his request for punitive damages. In so arguing, Plaintiff asserts that the Supreme Court's decision in *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, at 25-26 (2025) instructs that "a plaintiff's post-removal amendment controls the jurisdictional analysis." (Reply at 2, ECF No. 17.) Plaintiff misses the mark. An amendment reducing the alleged amount in controversy to below the statutory threshold does not destroy diversity jurisdiction. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289–90 (1938); *see Royal Canin*, 604 U.S. at 38 n.8 (recognizing that the rule in *St. Paul* remains). Thus, Plaintiff's First Amended Complaint does not change the analysis.

In summary, Defendant has demonstrated that the Complaint puts at least $3,174,931 in compensatory damages and $3,174,931 in punitive damages in controversy. Combined, these two categories of damages exceed CAFA's $5 million amount in controversy requirement on their own. Thus, the Court need not consider Defendant's calculation of attorneys' fees.

Accordingly, the Court **DENIES** Plaintiff's Motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-00450-RGK-RAO | Date | March 19, 2025 |
|---|---|---|---|
| Title | *Stephen Edlund v. True Classic Tees, LLC* | | |

### V. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion.

**IT IS SO ORDERED.**

                                                                          _____ : _____
                                   Initials of Preparer            JRE/aa